UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERNESTINE RENCHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1059 RWS |
| | ) | |
| CITY OF ST. LOUIS COLLECTION DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Additionally, the Court will order plaintiff to show cause why this action should not be summarily dismissed as time-barred.

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A case

can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. E.g., Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., for alleged retaliation and harassment in the workplace. Plaintiff attached a right to sue letter to her complaint; the right to sue letter was mailed to plaintiff on September 9, 2010. Plaintiff filed this lawsuit on June 10, 2011.

A plaintiff in a Title VII action has ninety days from receipt of the right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action warrants dismissal of the complaint. E.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir. 1984).

The ninety-day period in this case elapsed on approximately December 8, 2010. Plaintiff did not file her suit until six months after the ninety-day period ended. As a result, the complaint appears to be time-barred.

Because plaintiff is pro se, the Court will give plaintiff the opportunity to show cause why the case should not be dismissed as time-barred. Failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [#2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than twenty-one (21) days from the date of this Order**, why this case should not be dismissed as time-barred.

Dated this 11th day of July, 2011.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE