UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNESTINE RENCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV1059 RWS |
| | ) |
| LARRY WILLIAMS, TREASURER | ) |
| OF THE CITY OF ST. LOUIS, | ) |
| MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff alleges that defendant discriminated against her in violation of Title VII. Title VII provides, in pertinent part, that a court may appoint counsel to represent a plaintiff under "such circumstance as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Because a civil litigant has no constitutional or statutory right to court-appointed counsel, the decision whether to make an appointment is within the Court's discretion. See Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) ( per curiam ). The factors that are relevant to the Court's decision are whether: (1) the plaintiff can afford to hire an attorney; (2) the plaintiff has made a good-faith effort to retain an attorney, but has been unable to do so; (3) there is some factual basis for the plaintiff's lawsuit; and (4) the nature of the litigation is such that the plaintiff and the Court would benefit from the assistance of counsel. See Slaughter v. Maplewood, 731 F.2d 587, 589 (8th Cir. 1984); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

Having reviewed the relevant factors, the Court does not believe that plaintiff's allegations warrant the appointment of counsel. The Court concludes that the assistance of counsel is unnecessary for the benefit of plaintiff and the Court at this time. Plaintiff appeared

before the Court at the scheduling conference and appears able to represent herself. For these reasons, the motion for appointment of counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel [#4] is denied without prejudice.

**IT IS FURTHER ORDERED** that Larry Williams, Treasurer for the City of St. Louis, Missouri shall be substituted for the City of St. Louis Collection Department as the correct defendant to be named in this suit as discussed with the parties on the record during the scheduling conference. The Clerk of the Court shall amend the docket sheet to reflect the name of the correct defendant.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2011.