UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNESTINE RENCHER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:11CV1059 RWS |
| | ) |
| LARRY WILLIAMS, as TREASURER OF | ) |
| THE CITY OF ST. LOUIS, MISSOURI, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

Ernestine Rencher worked the Parking Meter Division for the City of St. Louis until she lost her job as part of a reduction-in-force in 2009.  Larry Williams is the Treasurer of the City of St. Louis and supervises parking meter collections and enforcement activities.  Rencher brings this Title VII complaint pro se, alleging that she was terminated in retaliation for her prior EEO activity.  Williams moves for summary judgment, arguing that the complaint was not timely filed and that Rencher was terminated for a legitimate, non-discriminatory reason.  Because Rencher has come forward with no evidence of retaliation, Williams is entitled to judgment as a matter of law.  My analysis follows.

### Standards Governing Summary Judgment

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law."  Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(c).  Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the

applicable substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party.  Id.  "The basic inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Diesel Machinery, Inc. v. B.R. Lee Industries, Inc., 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted).  The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact.  Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted).  If the movant does so, "[t]he nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial."  Id. (internal quotation marks and citation omitted).

## Background Facts

Rencher was hired in 2002 as a part-time parking meter attendant and became a full-time, parking crew foreman in 2004.  She was reassigned in 2005 and performed special projects and custodial services until her termination.  Her title and pay grade remained the same.  On June 8, 2008, Rencher filed an EEOC charge in which she alleged religious and sexual harassment and retaliation.  She settled that case through mediation in November of 2008.  Under the terms of the settlement, defendant agreed to implement anti-harassment policies and not to retaliate against Rencher.[1]

---

[1] Although Rencher's pro se complaint references these prior allegations (paragraph 12 complains that her supervisor "pulled at his groin" in front of her and "preached from his Bible"), they are not the subject of this lawsuit.  (See Rencher Depo. at p. 45-46).  Instead, they constitute prior EEO activity which she claims motivated Williams to retaliate against her.

In 2009, defendant hired a consultant to determine how expenses of the Parking Division could be reduced. The consultant recommended that parking meter collections, meter installation, meter repair and maintenance, booting, and certain other functions be outsourced. As a result of these recommendations, defendant entered into a contract with an outside contractor to perform these functions. On March 31, 2009, about 50 employees of the Parking Division, including Rencher, were notified by letter that their employment would be terminated effective May 31, 2009 because of the outsourcing contract. These employees, including Rencher, were eligible to apply for a position with the third-party contractor. On June 18, 2009, Rencher filed a charge of discrimination alleging that the she was terminated in retaliation for her prior EEO activity. After obtaining a right-to-sue letter, Rencher filed the instant action.

## Discussion

Although the complaint alleges that this lawsuit includes claims for failure to hire, disparate treatment, and harassment, the only claim properly before this Court is Rencher's claim that she was terminated in retaliation for her prior EEO activity. That is the only claim brought in her EEOC charge, which is attached as an exhibit to her complaint.[2] Title VII requires that before a plaintiff file a lawsuit alleging discrimination, she must timely file a charge with the EEOC or a state or local agency with authority to seek relief. Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 850 (8th Cir. 2012). If the agency dismisses the charge and notifies the

---

[2]Only the "Retaliation" box is checked on the Charge of Discrimination, which was signed under oath by Rencher. After describing Rencher's prior complaints of discrimination and her termination, the Charge states: "I believe that I was discharged in retaliation for filing previous complaints and Charges of Employment Discrimination with my employer and the EEOC alleging sex harassment, religious harassment, and discriminatory job assignments in violation of Title VII of the Civil [Rights Act] of 1964."

complainant of her right to sue, then she has 90 days to bring a civil action in federal court. Id. at 850-51.[3] Each incident of discriminatory treatment constitutes a separate "unlawful employment practice" for which the administrative remedies must be exhausted. Id. at 851. A complainant need not file a new charge for claims that are "like or reasonably related to" claims that she has properly exhausted. Id. But this exception is narrowly construed. Id. at 852. Rencher's allegations of failure to hire, disparate treatment, and harassment based on race, religion, and/or gender are not like or reasonably related to her claim that she was terminated in retaliation for prior EEO activity. See id. at 851-52.

The McDonell Douglas burden-shifting analysis applies to Rencher's retaliation claim. Jackson v. United Parcel Service, Inc., 548 F.3d 1137, 1142 (8th Cir. 2008). Rencher "must demonstrate a prima facie case of retaliation to survive summary judgment." Id. (internal quotation marks and citation omitted). To establish a prima facie case of retaliation, Rencher must show that she engaged in statutorily protected activity, she suffered an adverse employment action, and a causal connection exists between the two. Gilbert v. Des Moines Area Community College, 495 F.3d 906, 917 (8th Cir. 2007). "The anti-retaliation provision of Title VII protects individuals from retaliation that produces an injury or harm." Id. (internal quotation marks and citation omitted). "The standard is an objective one, requiring the plaintiff to demonstrate a reasonable employee would have found the challenged action materially adverse, and the

---

[3]Williams also moves for summary judgment on the ground that Rencher failed to comply with the 90-day requirement, but there are disputed material facts that preclude summary judgment on this issue. Rencher states that she never got her right-to-sue letter when it was originally mailed because it was sent to the wrong address. She also claims that she gave the EEOC her correct mailing address on several occasions but that the EEOC failed to correct its records. Williams offers no evidence from the EEOC to contradict Rencher's assertions.

employer's action might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. (internal quotation marks and citation omitted).  Here, Rencher did engage in statutorily protected activity, and she does allege an adverse employment action – namely, termination.  However, Rencher's prima facie case fails on the third element because she has no evidence to support the requisite causal connection between the two.  Sometimes a plaintiff may establish a causal connection through "circumstantial evidence, such as the timing of the two events."  Eliserio v. United Steelworkers of America Local 310, 398 F.3d 1071, 1079 (8th Cir. 2005).  "Generally, however, a temporal connection alone is not sufficient to establish a causal connection."  Id.  Here, the adverse action occurred ten months after Rencher filed her June 1, 2008 Charge of Discrimination, so the temporal proximity between the two events is too remote to establish a prima facie case of retaliation.  See Kipp v. Missouri Highway and Transportation Commission, 280 F.3d 893, 897 (8th Cir. 2002) (two month interval between complaint and termination too remote in time to justify finding causal connection).  Here, Rencher offers no other evidence, other than her own self-serving speculation, to demonstrate the requisite causal connection.  But Rencher's personal beliefs are not evidence and cannot demonstrate the necessary causal connection between her protected activity and her termination. "A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor."  Davidson & Associates v. Jung, 422 F.3d 630, 638 (8th Cir. 2005).  Because Rencher has not done so, her claim fails as a matter of law.

Even if Rencher had made a prima facie case of retaliation, her claim would still fail because Williams has articulated a legitimate, nonretaliatory reason for Rencher's termination

and she has no evidence of pretext. If a prima facie case of retaliation is established, then the burden shifts to the employer to articulate a legitimate, nonretaliatory reason for its action. Pye v. Nu Aire, Inc., 641 F.3d 1011, 1022 (8th Cir. 2011). "A proffered legitimate, non-discriminatory reason for termination need not, in the end, be correct if the employer honestly believed the asserted grounds at the time of the termination." Id. (internal quotation marks and citation omitted). Here, Williams has proffered a legitimate, non-discriminatory reason for Rencher's termination -- namely, that she was terminated with about 50 other employees as part of a reduction-in-force. Because a reduction in force is a legitimate, non-discriminatory explanation for Rencher's termination for summary judgment purposes, see Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 777 (8th Cir. 1995), the burden then shifts back to Rencher, who bears the "ultimate burden of showing that the employer's proffered reason was a mere pretext for a retaliatory motive." Wallace v. Sparks Health System, 415 F.3d 853, 860 (8th Cir. 2005). Here, Rencher offers no evidence that the Parking Division's outsourcing and resulting reduction in force were a mere pretext to retaliate against Rencher for her prior complaints of discrimination. "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." Kountze ex rel. Hitchcock Foundation v. Gaines, 536 F.3d 813, 818 (8th Cir. 2008). Rencher cannot manufacture a genuine issue of material fact by merely hoping, without coming forward with any evidence of pretext, that the trier of fact may disbelieve Williams' unchallenged legitimate nondiscriminatory reason. Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996). Without any evidence of pretext, Rencher's retaliation claim fails as a matter of law. Williams is therefore entitled to summary judgment.

Finally, Williams moves to strike portions of Rencher's affidavit and memorandum opposing summary judgment.  I will grant the motion and order stricken from the record Rencher's allegations that City employees were performing illegal acts.  These alleged acts have no relation to Rencher's claim that she was terminated in retaliation for reporting employment discrimination, and are immaterial, impertinent, and scandalous.  As such, they may be properly stricken under Fed. R. Civ. P. 12(f).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#40] is granted, and plaintiff's complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that defendant's motion to strike [#52] is granted, and paragraph 6 of plaintiff's affidavit [#50] and those portions of her memorandum opposing summary judgment [#51] which refer to City employees performing illegal activities are stricken from the record.

A separate Judgment in accord with this Memorandum and Order is entered this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of September, 2012.